UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:14-00240

JOSHUA MARK TAYLOR


MEMORANDUM OPINION AND ORDER


Pending is the United States' renewed motion for revocation of order releasing defendant Joshua Mark Taylor on bond, filed November 26, 2014.


I.


On March 23, 2014, Mr. Taylor was placed on state bond.  The bond contains 16 terms and conditions.  He was later indicted in the Circuit Court of Fayette County in September 2014.  The 19-count state indictment alleges the following offenses: (1) kidnapping in violation of W. Va. Code § 61-2-14a (Count One), (2) sexual assault in the third degree in violation of W. Va. Code § 61-8B-5(a)(2) (Counts Two through Four, Six, Eight through Nine, Eleven through Thirteen, Fifteen through Sixteen and Eighteen), and (3) sexual abuse by a parent,

guardian, custodian or person in position of trust to a child in violation of W. Va. Code § 61-8D-5 (Counts Five, Seven, Ten, Fourteen, Seventeen, and Nineteen).

On November 4, 2014, the United States filed under seal a five-count indictment alleging that Mr. Taylor performed the following criminal offenses: (1) from in and about November 2013 to on or about January 14, 2014, Mr. Taylor used a minor to engage in sexually explicit conduct for the purpose of producing child pornography in violation of 18 U.S.C. 2251(a) and 2251(e), (2) on or about December 14, 2013, Mr. Taylor knowingly received child pornography, by Internet and mobile phone, in violation of 18 U.S.C. 2252A(a)(2) and 2252A(b)(1), (3) on or about December 13, 2013, Mr. Taylor coerced a minor to engage in sexual activity, in violation of 18 U.S.C. 2422(b), (4) on or about December 23, 2014, Mr. Taylor distributed and attempted to distribute child pornography in violation of 18 U.S.C. §§ 2252(A)(a)(2) and 2252A(b)(1), and (5) on or about January 19, 2014, Mr. Taylor knowingly possessed child pornography, including by Internet and mobile phone, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b) (2).

On November 4, 2014, a federal arrest warrant for Mr. Taylor issued on the indictment.  Following his arrest on that

2

warrant in the Northern District of West Virginia on November 5, 2014, the United States moved for detention.  On November 13, 2014 the indictment was unsealed.  That same day, following evidentiary hearings held November 10 and 12, 2014, the Honorable James E. Seibert, United States Magistrate Judge, denied the United States' motion.  Mr. Taylor's father was the only witness he called in support of his release.

The November 13, 2014, order noted that "[t]he weight of the evidence against Defendant was significant."  (Ord. at 3).  It further observed that Mr. Taylor (1) was being treated for depression and anxiety, (2) was living with his father, and (3) denied any history of substance abuse.  The November 13, 2014, order also found that Mr. Taylor was on the state bond from March 25, 2014 until his November 5, 2014, federal arrest.

Respecting the nature and seriousness of the danger to any person in the community, the November 13, 2014, suggested the only possible danger would result from Mr. Taylor's access to the four-year old daughter of his fiancée Kristi Chapman.  It was further concluded, however, that such harm was unlikely inasmuch as a paternal custody arrangement was in effect.  After arriving at these findings of fact, the magistrate judge penned the following conclusions of law:

3

1. Due to the nature of the allegations against Defendant "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community . . . ." §§ 3142(e)(2), 3142(f)(1).

2. Defendant is not a flight risk based upon his family and community ties.

3. The Court finds Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Prior to Defendant's arrest in this action, Defendant had been on bond by the Fayette County Circuit Court for nearly six months.  During those six months, Defendant lived in Weirton, West Virginia with his father. Beyond Defendant's federal prosecution from the same facts alleged that brought Defendant's state charges, Defendant has not been charged with any additional crimes. Further, although Defendant is frequently in contact with Ms. Chapman, based on the actions of the West Virginia Health and Human Resources, Defendant will not be in contact with Ms. Chapman's minor daughter. Thus, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" would be nonexistent based on his conduct.

4.  The Court finds that Defendant was with his fiancee's three [sic] year old daughter in September of 2014 and that one condition of his bond in the state case was that he not be in contact with anyone under the age of 18.  The Court finds that based on the nature of the underlying charges that condition was more likely imposed to keep Defendant away from teenage females as opposed to a preschool child of Defendant's fiancee with whom he lived.

(Ord. at 4).  Mr. Taylor's release was delayed until November 24, 2014, when he was to appear for his arraignment here.  His

4

release was subject to the standard conditions attached in the Northern District of West Virginia, along with home confinement and electronic monitoring.

On November 13, 2014, the United States moved in the Northern District of West Virginia to stay the November 13, 2014, order and, the next day, filed its objections thereto.  Also, on November 13, 2014, the United States moved here for an emergency stay, which the court denied on November 14, 2014.  That same day, the United States moved separately for reconsideration of the emergency stay denial and for revocation of the November 13, 2014, order pursuant to 18 U.S.C. § 3145(a).

On November 19, 2014, the court denied the motion for reconsideration of the emergency stay denial.  Noting that Mr. Taylor was scheduled for arraignment before the Honorable Dwane L. Tinsley, United States Magistrate Judge, in this district on November 24, 2014, the court referred the motion for revocation to him pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge was specifically authorized as follows:

> The Motion for Revocation of Order Releasing Defendant on Bond is hereby referred to Magistrate Judge Tinsley, who is designated to consider the briefing and evidence and to enter his decision thereon pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge is hereby authorized to
conduct hearings, including evidentiary hearings, to
require the submission of additional papers or
materials and to take such other actions as he deems
necessary and proper, as authorized by § 636.

(Ord. at 2). On November 25, 2014, the magistrate judge noted

the referral order but concluded that his court was "not the

proper forum to seek relief under 18 U.S.C. § 3145(a)." (Ord.

at 2).[1] He believed that de novo review of any matter, as that

---

[1] The magistrate judge's authority on the matter does not
spring from, and is not constrained by, the Bail Reform Act or,
in particular, section 3145(a). That authority is found instead
in 28 U.S.C. § 636 governing the "Jurisdiction, powers, and
temporary assignment" of magistrate judges. Section
636(b)(1)(A) provides, unambiguously, that "Notwithstanding any
provision of law to the contrary . . . a judge may designate a
magistrate judge to hear and determine any pretrial matter
pending before the court . . ." except those eight motions
explicitly mentioned thereafter in the subsection. A motion
pursuant to section 3145(a) is not listed among those matters
excepted from magistrate judge determination under 28 U.S.C. §
636(b)(1)(A)(emphasis added).
    The court notes authority in this district for the referral
of section 3145(a) matters to a magistrate judge pursuant to 28
U.S.C. § 636(b)(1)(A). See United States v. Barbeito, No. 2:09-
00222, 2010 WL 148379, at *1 (S.D. W. Va. Jan. 12, 2010) ("The
Government's § 3145(a) motion concerned a nondispositive
pretrial matter and was referred to Magistrate Judge Stanley
pursuant to 28 U.S.C. § 636(b)(1)(A). This Court typically would
review the magistrate judge's disposition of the referred
nondispositive motion under a 'clearly erroneous or contrary to
law' standard. 28 U.S.C. § 636(b)(1)(A); Fed.R.Crim.P. 59(a)."). 
In the event that the magistrate judge arrived at a decision
that he considered to somehow fall within the excepted
parameters of section 636(b)(1)(A), he was free to enter
proposed findings of fact and conclusions of law subject to de
novo review in the district court. He need not decline to act
on a matter so referred.

6

term is used in section 636(b)(1)(B), was reserved to the
district court alone.  The magistrate judge thus declined to act
on the United States' motion for revocation.

        That declination prompted the United States, on
November 26, 2014, to renew its motion for revocation.  On
December 8, 2014, the court heard the matter.  During the
hearing, the United States offered and played recorded excerpts
of telephone calls placed by Mr. Taylor from the jail following
his arrest.  All but one of those calls, namely, the one placed
November 11, 2014, were not before Magistrate Judge Seibert at
the time he released Mr. Taylor.  The content of the calls may
be summarized as follows:

>     Mr. Taylor appears to admit to Ms. Chapman that he
>     accessed his Facebook account in violation of the
>     terms of his state bond conditions of release.  He
>     suggests a plan to falsely exculpate himself by
>     claiming his account was hacked by an intruder.  When
>     he suggests that explanation, Ms. Chapman states that
>     she already spoke with Mr. Taylor's lawyer and claimed
>     responsibility for accessing the account.  That claim
>     does not appear to be an accurate one.
>
>     Mr. Taylor states it "was a good thing [he] . . . was
>     home when the Marshals came because . . . [he] might
>     be hiding in a f------ hole somewhere right now."
>
>     Mr. Taylor immediately professes that as soon as he
>     was placed in the Marshal's transport vehicle
>     following his arrest it occurred to him that he and
>     Ms. Chapman could have left their place of abode
>     earlier and he "could have ate a couple of those and
>     figured it out."  In context, it is apparent he was

referring to prescription medications.  He also
mentioned his hope during his arrest that Ms. Chapman
could have kissed him before he was taken away and
perhaps passed him two Vicodin orally.

Ms. Chapman admitted to bringing some Vicodin with her
during his arrest or incarceration at some point in
order to share them with Mr. Taylor.

During multiple conversations with Ms. Chapman, the
profound substance abuse problems of Mr. Taylor's
father are discussed.  It is apparent his alcohol
addiction affects both his comprehension and mobility.
Mr. Taylor even admitted during one call that his
father "has killed too many brain cells lately and he
is not thinking straight."  Several of the
conversations include Ms. Chapman informing Mr. Taylor
that his father had passed out or fallen as a result
of his excessive use of alcohol.  Ms. Chapman also
notes during one conversation that Mr. Taylor's father
bought a substantial amount of alcohol anticipating
Mr. Taylor's release from jail.

Mr. Taylor and Ms. Chapman concocted a story tending
to exculpate Mr. Taylor after he was found to have
violated the condition that he not have contact with
individuals under the age of 18.  He was, as noted, in
contact with Ms. Chapman's 4 year-old daughter.  After
creating the story, Mr. Taylor instructs Ms. Chapman
to "tell dad like, exactly what we just said, okay?"
He reiterates that approach in the same conversation,
namely, that she should "[m]ake sure -- make sure that
dad has that down."  He brings up the matter again on
two subsequent phone calls with Ms. Chapman.

8

II.

A.   Governing Standard


          Title 18 U.S.C. § 3142 provides that if, after holding

a hearing, the court finds that "no condition or combination of

conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the

community," the court shall detain the person.  18 U.S.C. §

3142(e)(1).  There is a rebuttable presumption supporting

detention when the offense charged is, as here, one "involving a

minor" under, inter alia, 18 U.S.C. §§ 2251, 2252A(a)(2), or

2422.  See 18 U.S.C. § 3142(e)(3)(E).


          In determining whether detention pending trial is

appropriate, the court must consider the following factors:

     (1) the nature and circumstances of the offense
     charged, including whether the offense . . . involves
     a minor victim . . . ;

     (2) the weight of the evidence against the person;

     (3) the history and characteristics of the person,
     including--


        (A) the person's character, physical and mental
        condition, family ties, employment, financial
        resources, length of residence in the community,
        community ties, past conduct, history relating

9

          to drug or alcohol abuse, criminal history, and
record concerning appearance at court
proceedings; and

          (B) whether, at the time of the current offense
or arrest, the person was on probation, on
parole, or on other release pending trial,
sentencing, appeal, or completion of sentence
for an offense under Federal, State, or local
law; and

          (4) the nature and seriousness of the danger to any
person or the community that would be posed by the
person's release.

18 U.S.C. § 3142(g).

          Title 18 U.S.C. § 3145(a) governs review of a release

order entered pursuant to section 3142.  It provides as follows:

          (a) Review of a release order.--If a person is ordered
released by a magistrate judge, or by a person other
than a judge of a court having original jurisdiction
over the offense and other than a Federal appellate
court--

          (1) the attorney for the Government may file,
with the court having original jurisdiction over
the offense, a motion for revocation of the
order or amendment of the conditions of release
. . . .

Id.  The reviewing court is then obliged to conduct a <u>de novo</u>

review of the release decision.  <u>United States v. Clark</u>, 865

F.2d 1433, 1437 (4th Cir. 1989); <u>United States v. Williams</u>, 753

F.2d 329, 333 (4th Cir. 1985); <u>United States v. Ramey</u>, 602

F.Supp. 821, 822-24 (E.D.N.C. 1985).  In doing so, the reviewing

court makes an independent determination as to whether the

release order was correct based on the court's review of the
evidence considered.  See Williams, 753 F.2d at 333-34.


B.   Analysis


        The United States has invoked the section
3142(e)(3)(E) presumption.  The court will thus consider whether
Mr. Taylor has rebutted the presumption.  An analysis of the
section 3142(g) factors will facilitate that decision.

        Regarding the first factor, the nature and
circumstances of the offense charged, Mr. Taylor, who is age 31,
is accused of some of the most serious sex-based crimes against
a 12 year-old girl, including use of a minor in sexually
explicit conduct for the purpose of producing child pornography
and coercing a minor to engage in sexual activity.  Regarding
the second factor, the weight of the evidence against the
accused is, as Magistrate Judge Seibert correctly found,
"significant."  (Magis. J. Ord. at 3).

        Regarding the third factor, which assesses Mr.
Taylor's history and characteristics, the court adopts
Magistrate Judge Seibert's findings of fact with two exceptions.
First, the findings of fact reflect that Mr. Taylor denies any

history of substance or drug abuse.  Based upon the telephonic
recordings first introduced into evidence at the December 8,
2014, hearing, it is evident that Mr. Taylor abuses, at a
minimum, prescription medication, particularly Vicodin.  Second,
it is true that Mr. Taylor has been on state bond from March 25,
2014, until his November arrest on the federal warrant.  It
appears the November 13, 2014, order under review assumed that
Mr. Taylor had complied with his state bond conditions.  During
the December 8, 2014, hearing, however, the United States
proffered, and Mr. Taylor conceded, that state probation
authorities were not supervising him during that period.[2]

Regarding the nature and seriousness of the danger to
any person or the community posed by Mr. Taylor's release,
Magistrate Judge Seibert confined his consideration to Mr.
Taylor's future inability to interact with Ms. Chapman's

---

[2] It further appears that Mr. Taylor violated several
conditions of the state bond.  First, he was prohibited from
accessing a computer.  The court finds that he did so during the
course of visiting his Facebook page.  Second, the court finds
that Mr. Taylor used controlled substances during his time on
state bond.  The finding is supported by the fact that his
fiancée, Ms. Chapman, had access to prescription medication, the
two spent considerable time together, and the two discussed
during the recorded phone conversations multiple plans they had
made to facilitate sharing the drug.  Third, Mr. Taylor is
prohibited from having contact with anyone under the age of 18
and, as noted, Ms. Chapman's four year-old daughter was in his
custody on at least one occasion.

daughter inasmuch as the minor child is now in paternal custody.
The danger is enhanced, however, in view of Mr. Taylor accessing
his computer, using controlled substances, and violating the
minor-contact provisions of his bond.  These conditions were
designed to restrict his ability to engage in further criminal
conduct that might impair community safety.  His inability to so
conform his conduct thereto, his propensity to concoct false
explanations for at least two of the violations, and his attempt
to structure his father's testimony supporting his release,
demonstrates beyond peradventure that he is not susceptible to
supervision.

        Having considered the factors and all of the evidence
developed heretofore, the court concludes that Mr. Taylor has
not rebutted the presumption.  The court finds that there are no
conditions or combination of conditions that will reasonably
assure the appearance of Mr. Taylor as required and that the
safety of the community warrants his pretrial detention.

        It is, accordingly, ORDERED that the November 13,
2014, order of release be, and it hereby is, revoked.  It is
further ORDERED that the Marshal be, and hereby is, directed
forthwith to cause a warrant to issue for Mr. Taylor's immediate

apprehension, after which he will be taken into custody pending trial.

        The Clerk is directed to forward copies of this written opinion and order to all counsel of record, the United States Probation Department, and the United States Marshal.

                DATED:  December 16, 2014

                John T. Copenhaver, Jr.
                United States District Judge

14