
*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 2530?*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

**FILED**

**JUN 24 2015**

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 21, 2015

Rhett H. Johnson
Assistant Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, West Virginia 25301

      Re:  United States v. Joshua Mark Taylor
           Criminal No. 2:14-00240 (USDC SDWV)

Dear Mr. Johnson:

    This will confirm our conversations with regard to your client, Joshua Mark Taylor (hereinafter "Mr. Taylor"). As a result of these conversations, it is agreed by and between the United States and Mr. Taylor as follows:

    1.  **PENDING CHARGES**. Mr. Taylor is charged in a five-count indictment as follows:

    (a)    Count One charges Mr. Taylor with a violation of 18 U.S.C. §§ 2251(a) and 2251(e) (production of child pornography);

    (b)    Count Two charges Mr. Taylor with a violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (receipt of child pornography);

    (c)    Count Three charges Mr. Taylor with a violation of 18 U.S.C. § 2422(b) (using a facility of interstate commerce to entice of a minor to engage in sexual activity);

    (d)    Count Four charges Mr. Taylor with a violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (distribution or attempted distribution of child pornography); and

                                                _JT_

                                             Defendant's
                                           Initials

(e)  Count Five charges Mr. Taylor with a violation of 18 U.S.C.
     §§ 2252A(a)(5)(B) and 2252A(b)(2) (possession of child
     pornography).

2.  **RESOLUTION OF CHARGES.**  Mr. Taylor will plead guilty to
Count Two of said indictment, which charges him with a violation of
18 U.S.C. § 2252A(a)(2).  Following final disposition, the United
States will move the Court to dismiss Counts One, Three, Four, and
Five in Criminal No. 2:14-00240 as to Mr. Taylor, as well as the
forfeiture provision contained in the five-count indictment.

3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which
Mr. Taylor will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of not less than 5 years and up
     to 20 years;

(b)  A fine of $250,000, or twice the gross pecuniary gain or
     twice the gross pecuniary loss resulting from defendant's
     conduct, whichever is greater;

(c)  A term of supervised release of not less than 5 years, and
     up to life;

(d)  A mandatory special assessment of $100 pursuant to 18
     U.S.C. § 3013; and

(e)  An order of restitution pursuant to 18 U.S.C. §§ 2259,
     3663A and 3664, or as otherwise set forth in this plea
     agreement.

4.  **SPECIAL ASSESSMENT.**  Mr. Taylor has submitted certified
financial statements to the United States reflecting that Mr. Taylor
is without sufficient funds to pay the special assessment due upon
conviction in this case.  Mr. Taylor agrees that, if incarcerated,
Mr. Taylor will join the Inmate Financial Responsibility Program,
earnings from which will be applied toward payment of the special
assessment.

Defendant's
Initials

5.    **RESTITUTION**.   Notwithstanding the offense of conviction,
Mr. Taylor agrees that he owes restitution to the victim in this case
for the victim's losses, if any. Mr. Taylor agrees to pay such
restitution, with interest as allowed by law, to the fullest extent
financially feasible.   In aid of restitution, Mr. Taylor further
agrees as follows:

   (a)   Mr. Taylor agrees to fully assist the United States in
         identifying and locating any assets to be applied toward
         restitution and to give signed, sworn statements and
         testimony concerning assets upon request of the United
         States.

   (b)   Mr. Taylor will fully complete and execute, under oath,
         a Financial Statement and a Release of Financial
         Information on forms supplied by the United States and will
         return these completed forms to counsel for the United
         States within seven calendar days from the date of the
         signing of this plea agreement.

   (c)   Mr. Taylor agrees not to dispose of, transfer or otherwise
         encumber any real or personal property which he currently
         owns or in which he holds an interest.

   (d)   Mr. Taylor agrees to fully cooperate with the United States
         in the liquidation of assets to be applied towards
         restitution, to execute any and all documents necessary
         to transfer title of any assets available to satisfy
         restitution, to release any and all right, title and
         interest he may have in and to such property, and waives
         his right to exemptions under the Federal Debt Collection
         Procedures Act upon levy against and the sale of any such
         property.

   (e)   Mr. Taylor agrees not to appeal any order of the District
         Court imposing restitution.

_____
Defendant's
Initials

6.    **ABANDONMENT OF PROPERTY.**    Mr. Taylor hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him, that is, one (1) iPhone 4 EMC 2430 Model A1387, black in color, Serial Number IC#579C-E2430A; one (1) 8GB iPod EMC 2407 Model A1367, silver and white in color, Serial Number CCQHRXH2DNQW; and one (1) HP Probook laptop computer, black in color, Serial Number 2CE127018L. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to law.

7.    **PAYMENT OF MONETARY PENALTIES.**    Mr. Taylor agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Taylor further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8.    **COOPERATION**.    Mr. Taylor will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Taylor may have counsel present except when appearing before a grand jury.

9.    **USE IMMUNITY**.    Unless this agreement becomes void due to a violation of any of its terms by Mr. Taylor, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by Mr. Taylor pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Taylor, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

                                          Defendant's
                                          Initials

10. **LIMITATIONS ON IMMUNITY**.   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Taylor for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Taylor for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Taylor stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Taylor agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Taylor, and Mr. Taylor is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Taylor or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Taylor or on his behalf. Mr. Taylor knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Taylor understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Taylor agree that

Defendant's
Initials

the following provisions of the United States Sentencing Guidelines
apply to this case.

Count Two of the Indictment:

**USSG §2G2.2**
Appropriate sentencing guideline for a violation of 18 U.S.C.
§ 2252A(a)(2)

**USSG §2G2.2(c)(1)**
Relevant Cross Reference – If the offense involved causing,
transporting, permitting, or offering or seeking by notice or
advertisement, a minor to engage in sexually explicit conduct
for the purpose of producing a visual depiction of such conduct
apply USSG §2G2.1.

**USSG §2G2.1**
Base offense level                 32 USSG §2G2.1(a)

Offense involved a minor between
the age of 12 and 16 years       + 2 USSG §2G2.1(b)(1)(B)

Commission of a sexual act
or sexual conduct                + 2 USSG §2G2.1(b)(2)(A)

Offense involved distribution    + 2 USSG §2G2.1(b)(3)

Minor was in the custody, care
or supervisory control of the
defendant                        + 2 USSG §2G2.1(b)(5)

Offense involved the use of an
interactive computer service to
persuade a minor to engage in
sexually explicit conduct        + 2 USSG §2G2.1(b)(6)(B)(i)

Obstruction of Justice           + 2 USSG §3C1.1

Adjusted offense level              44

_____
Defendant's
Initials

The United States and Mr. Taylor acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **RULE 11(c)(1)(C) AGREEMENT.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Taylor agree that a sentence of imprisonment of 15 years, to be followed by a term of supervised release of 20 years is appropriate. Mr. Taylor understands that this agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the District Court refuses to accept this plea agreement, Mr. Taylor has the right to void this agreement and may withdraw his guilty plea.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Taylor and the United States both knowingly and voluntarily waive the right to seek appellate review of any sentence of imprisonment or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except that both parties may appeal a sentence of imprisonment or term of supervised release that deviate from the sentence agreed upon pursuant to Fed. R. Crim. P. 11(c)(1)(C) as set forth in paragraph 13 above. Mr. Taylor also knowingly and voluntarily waives his right to seek appellate review of his conviction and of any fine imposed by the District Court, or the manner in which the fine was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any fine that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any fine imposed by the District Court, or the manner in which the fine was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any fine that is below the minimum penalty, if any, prescribed by statute.

_____
Defendant's
Initials

Mr. Taylor also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

15.  **WAIVER OF FOIA AND PRIVACY RIGHT**.  Mr. Taylor knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16.  **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Taylor understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student.   Mr. Taylor understands that the federal registration requirement and any state registration requirement may apply throughout his life.  Mr. Taylor further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status.  Mr. Taylor understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

_____
Defendant's
Initials

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Mr. Taylor;

(f)  Advise the Court concerning the nature and extent of Mr. Taylor's cooperation; and

(g)  Address the Court regarding the issue of Mr. Taylor's acceptance of responsibility.

18.  **VOIDING OF AGREEMENT**.  If either the United States or Mr. Taylor violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

19.  **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Taylor in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Taylor in any Court other than the United States District Court for the Southern District of West Virginia. Although this written agreement constitutes the entire agreement between the United States and Mr. Taylor in the matter, the United States is aware of the plea agreement executed by Mr. Taylor in Criminal No. 14-F-242, in the Circuit Court of Fayette County, West Virginia, a copy of which is attached hereto.

_____
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

                    R. BOOTH GOODWIN II
                    United States Attorney

              By: _____
                    LISA G. JOHNSTON
                    Assistant United States Attorney

LGJ/smw


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.


_____          _____
JOSHUA MARK TAYLOR                   4/28/15
Defendant                          Date Signed

_____          _____
RHETT H. JOHNSON                     4/28/15
Counsel for Defendant              Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA


v.                                            CRIMINAL NO. 2:14-00240


JOSHUA MARK TAYLOR


## STIPULATION OF FACTS

The United States and Joshua Mark Taylor ("Mr. Taylor") stipulate and agree that the facts comprising the offense of conviction (Count Two of the Indictment in the Southern District of West Virginia, Criminal No. 2:14-00240) and other criminal conduct, include the following:

On or about March 4, 2013, Mr. Taylor was hired by the Fayette County, West Virginia Board of Education to teach during the 2013-2014 school term at Collins Middle School, located in Oak Hill, Fayette County, West Virginia. While teaching at Collins Middle School, beginning in or about November, 2013, and continuing to in or about January 2014, Mr. Taylor engaged in sexual acts with a 12-year-old female ("the minor") who was enrolled at Collins Middle School during the 2013-2014 school term. Specifically, Mr. Taylor engaged in sexual intercourse and oral intercourse with the minor when she was in the custody care or supervisory control of Mr. Taylor. (USSG §§2G2.1(b)(1)(B), 2G2.1(b)(2)(A) and 2G2.1(b)(5)).

Beginning in or about November, 2013, and continuing to in or about January, 2014, Mr. Taylor utilized a cell phone to exchange a large volume of text messages with the minor. Sending text messages via a cell phone or the internet constitutes using a means and facility of interstate commerce. On or about December 14, 2013, and continuing to on or about December 15, 2013, at or near Oak Hill, Fayette County, West

Virginia, within the Southern District of West Virginia, Mr. Taylor knowingly sent very sexually graphic text messages via a cell phone to persuade and entice the minor to engage in sexual activity, for which Mr. Taylor could be charged with a criminal offense in the State of West Virginia, that is, "sexual abuse by a parent, guardian, custodian or a person in position of trust to a child" in violation of W. Va. Code § 61-8D-5. (USSG §§2G2.1(b)(1)(B), 2G2.1(b)(2)(A) and 2G2.1(b)(6)(B)(i)).

Beginning in or about November, 2013, and continuing to in or about January, 2014, Mr. Taylor also knowingly persuaded and induced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. At the time the sexually explicit images were made, the minor was located in Oak Hill, Fayette County, West Virginia. An iPod, which is a facility or means of interstate commerce was used to produce the sexually explicit images. The images depict the lascivious exhibition of the minor's genital or pubic area. (USSG §2G2.2(c)(1)).

On or about December 14, 2013, at or near Oak Hill, Fayette County, West Virginia, Mr. Taylor knowingly received from the minor, child pornography as defined in 18 U.S.C. § 2256(8)(A), that is, a sexually explicit image of the minor. The sexually explicit image depicts the lascivious exhibition of the minor's genital or pubic area. Mr. Taylor received the sexually explicit image of the minor on his cell phone. (Count Two of the Indictment).

On or about December 23, 2013, at or near Oak Hill, Fayette County, West Virginia, Mr. Taylor did knowingly distribute or attempt to distribute in interstate commerce, child pornography as defined in 18 U.S.C. § 2256(8)(A), that is, a sexually explicit image of the minor. The sexually explicit image depicts the lascivious exhibition of the minor's genital or pubic area. Mr. Taylor used his cell phone to distribute or attempt to distribute the sexually explicit image of the minor. (USSG §2G2.1(b)(3)).

On or about January 19, 2014, Mr. Taylor sent the minor the following text messages intending to obstruct or impede the administration of justice with respect to the investigation or prosecution of the instant case: "I am on the news in Weirton.

Defendant's Initials

**PLEA AGREEMENT EXHIBIT "A"**

Delete everything.  Just remember we weren't together."  (USSG
§3C1.1).

    This Stipulation of Facts does not contain each and every
fact known to Mr. Taylor and to the United States concerning his
involvement in the charges set forth in the Indictment, and is
set forth for the limited purpose of establishing a factual
basis for the defendant's guilty plea.


    Stipulated and agreed to:

_____          4/28/15
JOSHUA MARK TAYLOR                       Date
Defendant

_____          4/28/15
RHETT H. JOHNSON                         Date
Counsel for Defendant

_____          6/9/15
LISA G. JOHNSTON                         Date
Assistant United States Attorney




                                        _____
                                        Defendant's
                                        Initials

                    **PLEA AGREEMENT EXHIBIT "A"**





*Office of the*
**FAYETTE COUNTY**
**PROSECUTING ATTORNEY**
*108 East Maple Avenue*
*Fayetteville, West Virginia 25840*
*(304) 574-4230*
*Fax (304) 574-0228*

Prosecuting Attorney:
**LARRY E. HARRAH, II**

Chief Assistant Prosecuting Attorney:
**BRIAN D. PARSONS**

Assistants:
Roger L. Lambert
Jeffery T. Mauzy
Allison R. Taylor

April 29, 2015

Mr. E. Scott Stanton
Chief Deputy Public Defender
102 Fayette Avenue
Fayetteville, WV 25840

Re:  State v. Joshua Taylor
Indictment No. 14-F-242

Dear Mr. Stanton:

Please be advised that the State of West Virginia is prepared to extend to your client, Joshua Taylor, the following plea offer, subject to the approval of the Court:

1.  The defendant, Joshua Taylor, will enter a plea of guilty to the felony offense of sexual abuse by a parent, guardian, custodian or person in position of trust to a child, as charged in Count Five of Indictment No. 14-F-242. The defendant understands that West Virginia Code § 61-8D-5 provides that upon such conviction, he shall be confined in a state correctional facility not less than ten (10) years nor more than twenty (20) years, or be fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) and imprisoned in a state correctional facility for not less than ten (10) years nor more than twenty (20) years.

_____
**JOSHUA TAYLOR**
Defendant

_6/17/15_
**DATE**

_____
**E. SCOTT STANTON**
Counsel for Defendant

_6/17/15_
**DATE**

Re:     State v. Joshua Taylor
        Indictment No. 14-F-242

2.  Upon acceptance of this plea, the State will move to dismiss the felony offense of kidnapping, as charged in Count One of Indictment No. 14-F-242, the felony offense of sexual assault in the third degree, as charged in Counts Two, Three, Four, Six, Eight, Nine, Eleven, Twelve, Thirteen, Fifteen, Sixteen and Eighteen of Indictment No. 14-F-242, and the felony offense of sexual abuse by a parent, guardian, custodian or person in position of trust to a child, as charged in Counts Seven, Ten, Fourteen, Seventeen and Nineteen of Indictment No. 14-F-242.

3.  The State and the defendant agree that this plea agreement is contingent upon the defendant entering a guilty plea to a felony offense relating to child pornographic images of the victim in Indictment No. 14-F-242 in federal court with a binding sentence of fifteen (15) years.

4.  The defendant understands that sentencing is in the sole discretion of the Court. Further, the defendant agrees that an unpleasant or unanticipated sentence does not give the defendant the right to withdraw from this Plea Agreement.

5.  The defendant understands that he will be required to register for life as a sexual offender and possibly be subjected to supervision upon release for up to fifty (50) years.

6.  The State and the defendant agree that the plea will be a plea of guilty wherein the defendant will not invoke the case of Kennedy v. Frazier, and the defendant will be required to give a factual basis for his plea of guilty.

7.  It is further understood that should the defendant be charged with a violation of State or Federal criminal laws up to and including the date of disposition, this Agreement may be terminated as null and void in the sole discretion of the State.

8.  It is expressly understood that should the within plea be vacated, set aside or overturned by any State or Federal Court, the parties will be returned to their original positions. In addition, should any party to this Agreement fail to meet the terms and conditions of this Agreement, this Agreement shall terminate as null and void at the option of the offended party and both parties will be returned to their original position before the entry of this plea, and any charges dismissed or reduced will be reinstated.

The above eight (8) paragraphs constitute the entire agreement between Joshua Taylor and the State of West Virginia.


_____
JOSHUA TAYLOR
Defendant

6/17/15
_____
DATE


_____
E. SCOTT STANTON
Counsel for Defendant

6/17/15
_____
DATE

Mr. E. Scott Stanton
April 29, 2015
Page Three

Re:    State v. Joshua Taylor
       Indictment No. 14-F-242

If your client chooses to accept this offer, please acknowledge by affixing your signature and having your client affix his signature below. If your client chooses not to accept this offer, please advise me of such by **Friday, May 8, 2015**, as the State will proceed with prosecution of this case.

Very truly yours,

Brian D. Parsons
Chief Assistant Prosecuting Attorney

jeh

Accepted by:

JOSHUA TAYLOR                                DATE 6/17/15
Defendant

E. SCOTT STANTON                             DATE 6/17/15
Counsel for Defendant